CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

2/5/2025

LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| **TONY LEE BROWN,**     )<br>    **Plaintiff,**          )<br>                         )<br>                         )<br>**v.**                   )<br>                         )<br>**BRYCE KNOWLES,**[1]    )<br>    **Defendant.**        )<br>                         ) | Civil Action No. 6:24cv00029<br><br>**<u>MEMORANDUM OPINION</u>**<br><br>By: Norman K. Moon<br>United States District Judge |

*Pro se* plaintiff, Tony Lee Brown, filed this 42 U.S.C. § 1983 civil rights action in Lynchburg Circuit Court, and the case was removed to this court on June 12, 2024. Brown alleges that the defendant, Lynchburg Police Department Officer Bryce Knowles, used excessive force against him in violation of the Fourth Amendment. Knowles moves to dismiss. (Dkt. No. 5.) This motion will be granted.

I.  BACKGROUND

The court accepts the allegations in plaintiff's complaint as true for purposes of resolving this motion. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009).

Plaintiff claims that in the morning hours of November 10, 2023, Officer Knowles was on patrol when he received a radio call from Lynchburg Communications Dispatch to respond to the 5100 block of Boonsboro Road for a stabbing in progress. (Compl. Facts ¶ 1, Dkt. No. 1-1.) At the scene, Officer Knowles encountered a black male, later confirmed to be plaintiff, who appeared to be stabbing a female lying on the ground. (*Id.* ¶ 2.) From approximately 20 feet away, Officer Knowles yelled for plaintiff to stop multiple times before firing two bullets from

---

[1] Plaintiff incorrectly identifies the defendant as Brian Knowles. The Clerk of Court is directed to correct the docket to reflect that the correct name is Bryce Knowles.

his firearm, one entering plaintiff's back and exiting his chest and one entering the back of plaintiff's head and exiting his right eye. (*Id.* ¶¶ 2–4.)

The female victim who was stabbed later died at Lynchburg General Hospital. (*Id.* ¶ 5.) The plaintiff was first transported to Lynchburg General Hospital and then to Roanoke Memorial Hospital where he was treated for life threatening injuries. (*Id.* ¶ 6.) Plaintiff survived and faces active criminal charges in relation to this incident. (*Id.* ¶ 7.) Plaintiff is currently being detained at the Blue Ridge Regional Jail Authority in Lynchburg.

Plaintiff alleges that the second shot into the back of his head was unnecessary and excessive because plaintiff no longer posed at threat at that time. Plaintiff also alleges that Officer Knowles violated department policy on deadly force by not announcing himself as a police officer. Plaintiff is now permanently blind in his right eye. (*Id.* Allegations ¶¶ 1–3.)

## II. ANALYSIS

### A. Motion to Dismiss

When analyzing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must view all well-pleaded allegations in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. A plaintiff must "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*. *See Manigault v. Capital One, N.A.*, CIVIL NO. JKB-23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023). While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

**B. Fourth Amendment**

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law.

A claim that a police officer employed excessive force during an arrest, investigatory stop, or other seizure is analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989); *Quinn v. Zerkle*, 111 F.4th 281, 296 (4th Cir. 2024). Factors bearing on the reasonableness of a use of force include (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether the suspect is actively resisting arrest or attempting to evade arrest. The reasonableness of a particular use of force is judged from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight. *Id.* The standard is objective, and thus without regard to the officer's subjective intention or motivation. *Schultz v. Braga*, 455 F.3d 470, 476 (4th Cir. 2006).

When deadly force is used, the Fourth Circuit has "a more specific test for objective reasonableness." *Stanton v. Elliot*, 25 F.4th 227, 233 (4th Cir. 2022). "In those cases, we consider whether the hypothetical reasonable officer in that situation would have had 'probable cause to believe that the suspect posed a threat of serious physical harm, either to the officer or to others.'" *Waterman v. Batton*, 393 F.3d 471, 477 (4th Cir. 2005) (quoting *Tennessee v. Garner*, 471 U.S. 1, 11 (1985)). That determination must focus on the moment that deadly force was used, not the whole episode. *Elliot v. Leavitt*, 99 F.3d 640, 643 (4th Cir. 1996). The justification for deadly force can fall away in seconds. *Waterman*, 393 F.3d at 481. Again, however, in "questioning the split-second decisions of police officers, we must avoid hindsight bias and try to place ourselves in the heat of the moment." *Waterman*, 25 F.4th at 233 (citing *Elliot*, 99 F.3d at 642).

The facts alleged in this case establish that Officer Knowles had probable cause to believe that plaintiff posed a threat of serious physical harm because when Officer Knowles encountered plaintiff, plaintiff was stabbing a woman. Plaintiff's distinction between the first shot and the second shot is not persuasive. Plaintiff argues that he was no longer a threat after the first shot, but even if this is true, Officer Knowles would not have had any way of knowing that for certain. Even after being shot, plaintiff still could have been capable of continuing to stab the female victim. Moreover, plaintiff's claim that Officer Knowles violated department policy by not announcing himself as a police officer does not rise to the level of a constitutional violation. Officer Knowles was not required to give any type of warning as he encountered plaintiff in the midst of stabbing the female victim. An officer "should give a warning before using deadly force *unless there is an immediate threatened danger*." *Hensley v. Price*, 876 F.3d 573, 584 (4th Cir. 2017) (emphasis added). Here, there was an immediate threatened danger throughout the encounter.

In his response to the motion to dismiss, plaintiff now denies the facts that he alleged in his complaint. Plaintiff states he "never admit to actively stabbing a woman who lay on the ground" and "lawful orders" were "never" given by Officer Knowles. (Dkt. No. 11.) This contradicts the allegations in his complaint, described above, and plaintiff cannot amend his pleadings in this manner. *See So. Walk at Broadlands Homeowner's Ass'n, Inc. v. Openband at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) (stating "[i]t is well-established that parties cannot amend their complaints through briefing or oral advocacy"). Contrary to the argument he is now making, plaintiff alleged that "Officer Knowles encountered from approximately 20 feet or less a black male (the plaintiff) appearing to be making stabbing motions toward a female that was lying on the ground." (Compl. Facts 2.) The fact that he was "appearing" to be stabbing the victim is enough to establish that Officer Knowles acted reasonably in protecting the female victim.

For these reasons, plaintiff has failed to state a viable excessive force claim under the Fourth Amendment.[2]

### III. CONCLUSION

For the above stated reasons, the court will issue an order granting defendant's motion to dismiss.

**ENTER:** This _5th day of February, 2025.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Because the court has found that plaintiff's complaint does not state a viable claim for relief under the Fourth Amendment, it is not necessary to addresses defendant's argument that he is entitled to qualified immunity.